1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KEVIN FUQUA,                                No.  2:12-cv-2045 TLN DAD P

12                    Petitioner,

13           vs.

14    G. SWARTHOUT, Warden,                       FINDINGS & RECOMMENDATIONS

15                    Respondent.

16

17           Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus

18    pursuant to 28 U.S.C. § 2254.  Therein, petitioner challenges his August 31, 2010, prison

19    disciplinary conviction for possession of contraband — a cellular telephone.  Petitioner seeks

20    federal habeas relief, arguing that in connection with his prison disciplinary proceeding he was

21    deprived of procedural due process guaranteed under the Fourteenth Amendment for the

22    following four reasons:  (1) he was not provided with an investigative employee to assist with his

23    defense; (2) he was not allowed to present inmate witnesses at his disciplinary hearing; (3) the

24    hearing officer was biased; and (4) the ultimate disciplinary adjudicatory finding was not

25    supported by sufficient evidence.  Upon careful consideration of the record and the applicable

26    law, the undersigned will recommend that federal habeas corpus relief be denied.

27    /////

28    /////

                                                    1

1    **I.   Background**[1]

2          Petitioner Kevin Fuqua is currently being held in the custody of the California Department

3    of Corrections and Rehabilitation at San Quentin State Prison, in Marin County, California .

4    (Resp't's Answer to Pet. for Writ of Habeas Corpus; Mem. P. & A. ("Answer") (ECF No. 13) at

5    ¶ 1; Pet. for Writ of Habeas Corpus ("Pet.") (ECF No. 1), at ¶ 3.)  The events giving rise to the

6    pending habeas petition occurred while petitioner Fuqua was in custody at California State

7    Prison-Solano in Vacaville, California.  (ECF No. 1, at 14.)[2]

8          On August 25, 2010, Correctional Officer M. Ruiz conducted a random search of the cells

9    in Building 23-R-2-U, where petitioner was housed at the time, and discovered petitioner "in

10   possession of a burgundy Samsung Cellular phone and Charger Adapter."  (ECF No. 1, at 33.)

11   Officer Ruiz found the cellular telephone and the adapter "hidden in a spice bottle that was

12   positioned at the head of [petitioner's] bed along side [sic] several others."  (Id.)  When Ruiz

13   questioned petitioner about the phone, petitioner "shrugg[ed] his shoulders and stated, 'It's not

14   mine' denying ownership of the phone."  (Id.)  Officer Ruiz filed a "Rules Violation Report"

15   detailing the incident on August 27, 2010, and petitioner was made aware of that report.  (Id.)

16         Petitioner personally appeared at his prison disciplinary hearing on August 31, 2010.

17   (Answer, Ex. 1, ECF No. 11-1, at 3.)  The hearing officer determined that petitioner did not meet

18   the criteria for assigning an "Investigative Employee" to assist him with his defense, finding that

19   petitioner "ha[d] the ability to collect and present evidence necessary for an adequate defense,"

20   and that the "issues are not complex and . . . further investigation is not required."  (Id.)

21         Petitioner was advised that he could request witnesses in connection with the disciplinary

22   hearing, and he requested the presence of Officer Ruiz, who personally appeared.  Officer Ruiz

23   provided the following testimony at petitioner's disciplinary hearing:

24              Q  . . . :  Did [I] shrug my shoulders when you spoke with me that
               day?
25

26   _____

     [1]  The following background is drawn from the petition for writ of habeas corpus (ECF No. 1)
     filed by petitioner in this action, unless otherwise noted.

27

     [2] Page number citations such as this one are to the page number reflected on the court's CM/ECF
28   system and not to page numbers assigned by the parties.

                                        2

1         A . . . :  He and almost everybody else shrugged their shoulder, I've
found that the ones who don't shrug their shoulders generally admit

2         to the phone.

3         Q . . . :  Did you enter any other dorm other than mine while
conducting the search?

4

5         A . . . :  I don't recall whether I did or not, nor do I understand the
relevance of this question

6         Q . . . :  Were there any other bottles in the area you searched
besides the spice bottles?

7

8         A . . . :  I unscrewed the lid from every single spice bottle he owned
based upon finding the phone earlier.

9 (Id. at 2-3.)  "No further questions were asked of this witness," and "Officer M. Ruiz was excused

10 from the hearing."  (Id. at 3.)

11      The hearing officer considered this testimony by Officer Ruiz together with photographs

12 and Officer M. Ruiz's written report, and found petitioner "'GUILTY' of Possession of a Cellular

13 Phone."  (Id. at 3.)  In light of the "epidemic and out of control" "cell phone problem at CSP

14 Solano," and the "security concerns [possession of a cell phone] presents such as escape or

15 conspiracy to commit all kinds of different offenses," the hearing officer assessed a "30-days

16 Loss of Behavioral/Work Credits."  (Id. at 3-4.)  Petitioner Fuqua exhausted his administrative

17 appeals and filed a habeas petition in the Sacramento County Superior Court challenging his

18 disciplinary conviction.  (See Answer (ECF No. 11) at 2, ¶¶ 4-7.)

19      The Sacramento County Superior Court transferred the state habeas petition to the Solano

20 County Superior Court which denied relief.  That court concluded that the procedures employed

21 at petitioner Fuqua's prison disciplinary adjudication were adequate and that the hearing officer's

22 disciplinary finding was supported by "some evidence."  In re the Petition of Kevin Fuqua, No.

23 FCR284883, at *2 (Cal. Super. Ct. Solano June 30, 2011) (ECF No. 1, at 44-45).  Petitioner

24 Fuqua then filed habeas petitions with both the California Court of Appeal and the California

25 Supreme Court seeking habeas relief on the same grounds, and both of those petitions were

26 summarily denied.  (ECF No. 1, at 47-50.)

27 /////

28 /////

1  **II.  Standards of Review Applicable to Habeas Corpus Claims**

2        An application for a writ of habeas corpus by a person in custody under a judgment of a

3  state court can be granted only for violations of the Constitution or laws of the United States.  28

4  U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or

5  application of state law.  See Wilson v. Corcoran, 131 S. Ct. 13, 16 (2010); Estelle v. McGuire,

6  502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

7        Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas

8  corpus relief:

9        An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits

10       in State court proceedings unless the adjudication of the claim—

11       (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

12       determined by the Supreme Court of the United States; or

13       (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

14       the State court proceeding.

15       For purposes of applying § 2254(d)(1), "clearly established federal law" consists of

16  holdings of the United States Supreme Court at the time of the state court decision.  Stanley v.

17  Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06

18  (2000)).  Nonetheless, "circuit court precedent may be persuasive in determining what law is

19  clearly established and whether a state court applied that law unreasonably."  Stanley, 633 F.3d at

20  859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)).

21       A state court decision is "contrary to" clearly established federal law if it applies a rule

22  contradicting a holding of the Supreme Court or reaches a result different from Supreme Court

23  precedent on "materially indistinguishable" facts.  Price v. Vincent, 538 U.S. 634, 640 (2003).

24  Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the

25  writ if the state court identifies the correct governing legal principle from the Supreme Court's

26  decisions, but unreasonably applies that principle to the facts of the prisoner's case.  Lockyer v.

27  Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002

28  (9th Cir. 2004).  In this regard, a federal habeas court "may not issue the writ simply because that

4

1  court concludes in its independent judgment that the relevant state-court decision applied clearly

2  established federal law erroneously or incorrectly. Rather, that application must also be

3  unreasonable." Williams, 529 U.S. at 412; accord Schriro v. Landrigan, 550 U.S. 465, 473

4  (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent

5  review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'").

6  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as

7  'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v.

8  Richter, 562 U.S.___, ___, 131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541

9  U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal

10  court, a state prisoner must show that the state court's ruling on the claim being presented in

11  federal court was so lacking in justification that there was an error well understood and

12  comprehended in existing law beyond any possibility for fairminded disagreement." Richter,131

13  S. Ct. at 786-87.

14        If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing

15  court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford,

16  527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008)

17  (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of

18  § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by

19  considering de novo the constitutional issues raised.").

20        The court looks to the last reasoned state court decision as the basis for the state court

21  judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

22  If the last reasoned state court decision adopts or substantially incorporates the reasoning from a

23  previous state court decision, this court may consider both decisions to ascertain the reasoning of

24  the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a

25  federal claim has been presented to a state court and the state court has denied relief, it may be

26  presumed that the state court adjudicated the claim on the merits in the absence of any indication

27  or state-law procedural principles to the contrary." Richter, 131 S. Ct. at 784-85. This

28  presumption may be overcome by a showing "there is reason to think some other explanation for

1    the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797,

2    803 (1991)).  Similarly, when a state court decision on a petitioner's claims rejects some claims

3    but does not expressly address a federal claim, a federal habeas court must presume, subject to

4    rebuttal, that the federal claim was adjudicated on the merits.  Johnson v. Williams, ___ U.S. ___,

5    ___, 133 S. Ct. 1088, 1091 (2013).

6          Where the state court reaches a decision on the merits but provides no reasoning to

7    support its conclusion, a federal habeas court independently reviews the record to determine

8    whether habeas corpus relief is available under § 2254(d).  Stanley, 633 F.3d at 860; Himes v.

9    Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  "Independent review of the record is not de novo

10   review of the constitutional issue, but rather, the only method by which we can determine whether

11   a silent state court decision is objectively unreasonable."  Himes, 336 F.3d at 853.  Where no

12   reasoned decision is available, the habeas petitioner still has the burden of "showing there was no

13   reasonable basis for the state court to deny relief."  Richter, 131 S. Ct. at 784.

14         When it is clear, however, that a state court has not reached the merits of a petitioner's

15   claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal

16   habeas court must review the claim de novo.  Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462

17   F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

18   **III. Analysis of Petitioner's Claims**

19         In his pending application for federal habeas relief petitioner Fuqua argues that his prison

20   disciplinary adjudication was procedurally inadequate and his disciplinary conviction supported

21   by insufficient evidence in violation of his right to due process as guaranteed by the Fourteenth

22   Amendment.  Specifically, petitioner contends that in connection with his disciplinary hearing he

23   was unconstitutionally denied the right to call inmate witnesses and the assistance of an

24   investigative employee, the hearing officer was biased, and the disciplinary finding of guilt was

25   not supported by the evidence.  For the reasons stated below, the undersigned will recommend

26   that petitioner be denied federal habeas relief.

27   /////

28   /////

6

1    **A.  Adequacy of the Procedures**

2          Prisoners may not be deprived of their state-created liberty interest in "good-time credit"

3    without due process of law; however, "the full panoply of rights due a defendant" in a criminal

4    prosecution does not apply to disciplinary proceedings.  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556-

5    57 (1974).  In a prison disciplinary proceeding, procedural due process demands that the inmate

6    "be allowed to call witnesses and present documentary evidence in his defense when permitting

7    him to do so will not be unduly hazardous to institutional safety or correctional goals."  <u>Id.</u> at 566.

8    However, due process does not require the appointment of counsel for those charged with prison

9    rules violations.  <u>See id.</u> at 570 ("[W]e are not prepared to hold that inmates have a right to either

10   retained or appointed counsel in disciplinary proceedings.").

11         *1.  Failure to Assign an Investigative Employee*

12         Petitioner argues the Senior Hearing Officer should have granted his request for an

13   investigative employee, and that the hearing officer's failure to do so "abridg[ed] petitioner's

14   ability to prepare a proper defense."  (Pet. ECF No. 1, at 19.)  But as respondent points out in his

15   answer, there is no federal constitutional or statutory right to counsel in prison disciplinary

16   proceedings, <u>Wolff</u>, 418 U.S. at 570, let alone an investigative employee.  <u>See</u> <u>Toussaint v.</u>

17   <u>McCarthy</u>, 801 F.2d 1080, 1101 (9th Cir. 1986), <u>overruled</u> <u>in</u> <u>part</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>Sandin v.</u>

18   <u>Conner</u>, 515 U.S. 472 (1995).  Accordingly, this aspect of the pending petition does not provide a

19   cognizable basis for the granting of federal habeas relief.

20         *2.  Deprivation of Right to Present Witnesses*

21         Petitioner also argues that he was deprived of his due process right to present witnesses at

22   his prison disciplinary hearing because the hearing officer "denied [petitioner's request to

23   present] Inmate witnesses, concluding that his reporting officer was the only voice . . . that

24   needed to be relied upon."  (Pet. (ECF No. 1) at 19.)

25         Respondent counters there is no evidence in the state court record that in connection with

26   the disciplinary hearing petitioner "requested . . . inmate witnesses, exculpatory or otherwise."

27   (Answer ECF No. 11, at 6.)  The court agrees. Here, review of the record indicates that there is no

28   /////

1  evidence before this court that petitioner ever requested the appearance of inmate witnesses at his

2  disciplinary hearing.[3]  Therefore, the state court's decision rejecting this aspect of petitioner's

3  claim for habeas relief cannot be said to be an unreasonable application of clearly established

4  federal law.

5          *3.  Bias of the Decisionmaker*

6          Petitioner also argues in a conclusory manner that "the Senior Hearing Officer's

7  involvement in the coordination of search procedures, and authorization of these searches places

8  him in a position of pre-disposed bias . . . , and should have re[c]used himself from the Hearing.

9  This . . . conflict of interest," petitioner contends "denied petitioner fundamental fairness in due

10  process."  (Pet. ECF No. 1, at 19.)

11          The Solano County Superior Court considered this argument in a state court habeas

12  proceeding and rejected it, reasoning "[p]etitioner provides no evidence that indicates that the

13  senior hearing officer was biased."  (Pet. ECF No. 1, at 3.)  Although due process requires an

14  unbiased decisionmaker at a prison disciplinary hearing, see Wolff, 418 U.S. at 570-71, to obtain

15  habeas relief based on a structural conflict of interest, a petitioner must show the decision-making

16  procedure "presents such a hazard of arbitrary decisionmaking that it should be held violative of

17  due process of law."  Id. at 571.  Moreover, the petitioner must provide some facts "to support his

18  allegation that the decisionmaker was not impartial."  Bostic v. Carlson, 884 F.2d 1267, 1271 (9th

19  Cir. 1989) (citing Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

20          In his pending application for federal habeas relief, petitioner provides no evidence —

21  beyond his own conclusory assertions — that the hearing officer in his case was biased.

22  Accordingly, the state court's decision rejecting this claim was not unreasonable application of

23  clearly established federal law, and this aspect of the pending petition does not warrant federal

24  habeas relief.

25  [3]  Even if petitioner requested and was denied the opportunity to present the testimony of inmate

26  witnesses at his disciplinary hearing — and, again, there is no evidence in the record this occurred — the hearing officer may have been justified in declining petitioner's request.  "Prison officials

27  must have the necessary discretion . . . to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to

28  compile other documentary evidence."  Wolff, 418 U.S. at 566.

1      **B.  Application of the "Some Evidence" Standard Here**

2            Finally, petitioner essentially argues the disciplinary hearing officer's decision to classify

3      possession of a cell phone as a "dangerous contraband infraction" was not based on "some

4      evidence" as required to comport with due process  (Pet. ECF No. 1, at 8.)  Specifically,

5      petitioner contends the decision to consider possession of a cell phone a disciplinary, rather than

6      an administrative, infraction relies on a "ludicrous" and unwarranted assumption that inmates

7      "can utilize a cell phone [to] . . . plan[] an escape . . . , [to] coordinat[e] the introduction of

8      contraband . . . , or to plan[] assaults on staff or inmates," when petitioner has himself "never

9      made any such attempts."  (Id. at 8-9.)  Moreover, petitioner asserts the hearing officer's

10     interpretation in this regard contradicts various California administrative regulations, and that his

11     claim is subject to a preponderance of the evidence standard under these regulations.  (Id. at 9-

12     10.)

13           Respondent counters that the "findings of the prison hearing officer were supported by the

14     report of the correctional officer who conducted the search and found the cellular phone hidden in

15     Fuqua's personal property."  (Answer ECF No. 11, at 4-5.)

16           "The 'some evidence' standard is minimally stringent," and a decision will be upheld

17     under that standard if there is any evidence in the record that could support the conclusion

18     reached by the factfinder.  Powell v. Gomez, 33 F.3d 39, 40 (9th Cir. 1994) (citing Cato v.

19     Rushen, 824 F.2d 703, 705 (9th Cir. 1987)).  See also Toussaint v. McCarthy, 801 F.2d 1080,

20     1105 (9th Cir. 1986).  "[T]he requirements of due process are satisfied if some evidence supports

21     the decision by the prison disciplinary board to revoke good time credits.  This standard is met if

22     'there was some evidence from which the conclusion of the administrative tribunal could be

23     deduced.'"  Superintendent v. Hill, 472 U.S. 445, 455 (1985) (quoting United States ex rel.

24     Vajtauer v. Comm'r of Immigration, 273 U.S. 103, 106 (1927)); see also Cato, 824 F.2d at 705

25     ("[T]here must be some indicia of reliability of the information that forms the basis for prison

26     disciplinary actions.")  Determining whether the "some evidence" standard is satisfied does not

27     require examination of the entire record, independent assessment of the credibility of witnesses,

28     or the weighing of evidence.  Superintendent v Hill, 472 U.S. at 455; Toussaint, 801 F.2d at 1105.

1  The question is whether there is any reliable evidence in the record that could support the

2  conclusion reached.  Id.

3         Here, the state court's conclusion, that "the decision of the hearing officer is supported by

4  some evidence," (Pet. ECF No. 1, 44:8-9), was not an unreasonable application of clearly

5  established federal law.  As an initial matter, petitioner's argument concerning asserted violations

6  of California administrative regulations are not cognizable in this federal habeas proceeding

7  because "federal habeas corpus relief does not lie for errors of state law," but rather, federal

8  habeas review is limited in this context to determining whether a prison disciplinary adjudication

9  violated federal law.  Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497

10  U.S. 764, 880 (1990)).  At petitioner's prison disciplinary hearing, Correctional Officer Ruiz filed

11  a report and testified that he found a cellphone at the head of petitioner's bed hidden in a spice

12  bottle.  Petitioner does not contradict this evidence through either evidence or argument.  Based

13  on this evidence, the court concludes that the Solano County Superior Court's determination that

14  the prison disciplinary finding of guilt was supported by "some evidence" was not unreasonable,

15  particularly in light of the "minimally stringent" nature of that standard of proof.  Powell, 33 F.3d

16  at 40.

17  **IV. Conclusion**

18         Accordingly, for all the reasons set forth above, IT IS HEREBY RECOMMENDED that

19  petitioner's application for a writ of habeas corpus be DENIED.

20         These findings and recommendations are submitted to the United States District Judge

21  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

22  after being served with these findings and recommendations, any party may file written

23  objections with the court and serve a copy on all parties.  Such a document should be captioned

24  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

25  shall be served and filed within fourteen days after service of the objections.  Failure to file

26  objections within the specified time may waive the right to appeal the District Court's order.

27  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

28  1991).  In his objections petitioner may address whether a certificate of appealability should issue

1    in the event he files an appeal of the judgment in this case.  <u>See</u> Rule 11, <u>Federal Rules Governing</u>

2    <u>Section 2254 Cases in the United States District Courts</u> (the district court must issue or deny a

3    certificate of appealability when it enters a final order adverse to the applicant).

4    Dated:  October 1, 2013

5

6                          DALE A. DROZD

7                          UNITED STATES MAGISTRATE JUDGE

8

9    DAD:8:gp
      fuqu.2045.hc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28