UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FUQUA,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>G. SWARTHOUT, Warden,<br><br>　　　　Respondent. | No. 2:12-cv-2045 TLN DAD P<br><br><br><br>FINDINGS & RECOMMENDATIONS |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Therein, petitioner challenges his August 31, 2010, prison disciplinary conviction for possession of contraband — a cellular telephone.  Petitioner seeks federal habeas relief, arguing that in connection with his prison disciplinary proceeding he was deprived of procedural due process guaranteed under the Fourteenth Amendment for the following four reasons:  (1) he was not provided with an investigative employee to assist with his defense; (2) he was not allowed to present inmate witnesses at his disciplinary hearing; (3) the hearing officer was biased; and (4) the ultimate disciplinary adjudicatory finding was not supported by sufficient evidence.  Upon careful consideration of the record and the applicable law, the undersigned will recommend that federal habeas corpus relief be denied.

/////

/////

1

## I.  Background[1]

Petitioner Kevin Fuqua is currently being held in the custody of the California Department of Corrections and Rehabilitation at San Quentin State Prison, in Marin County, California. (Resp't's Answer to Pet. for Writ of Habeas Corpus; Mem. P. & A. ("Answer") (ECF No. 13) at ¶ 1; Pet. for Writ of Habeas Corpus ("Pet.") (ECF No. 1), at ¶ 3.)  The events giving rise to the pending habeas petition occurred while petitioner Fuqua was in custody at California State Prison-Solano in Vacaville, California.  (ECF No. 1, at 14.)[2]

On August 25, 2010, Correctional Officer M. Ruiz conducted a random search of the cells in Building 23-R-2-U, where petitioner was housed at the time, and discovered petitioner "in possession of a burgundy Samsung Cellular phone and Charger Adapter."  (ECF No. 1, at 33.)  Officer Ruiz found the cellular telephone and the adapter "hidden in a spice bottle that was positioned at the head of [petitioner's] bed along side [sic] several others."  (Id.)  When Ruiz questioned petitioner about the phone, petitioner "shrugg[ed] his shoulders and stated, 'It's not mine' denying ownership of the phone."  (Id.)  Officer Ruiz filed a "Rules Violation Report" detailing the incident on August 27, 2010, and petitioner was made aware of that report.  (Id.)

Petitioner personally appeared at his prison disciplinary hearing on August 31, 2010. (Answer, Ex. 1, ECF No. 11-1, at 3.)  The hearing officer determined that petitioner did not meet the criteria for assigning an "Investigative Employee" to assist him with his defense, finding that petitioner "ha[d] the ability to collect and present evidence necessary for an adequate defense," and that the "issues are not complex and . . . further investigation is not required."  (Id.)

Petitioner was advised that he could request witnesses in connection with the disciplinary hearing, and he requested the presence of Officer Ruiz, who personally appeared.  Officer Ruiz provided the following testimony at petitioner's disciplinary hearing:

> Q . . . :  Did [I] shrug my shoulders when you spoke with me that day?

---

[1] The following background is drawn from the petition for writ of habeas corpus (ECF No. 1) filed by petitioner in this action, unless otherwise noted.

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

> A . . . :  He and almost everybody else shrugged their shoulder, I've found that the ones who don't shrug their shoulders generally admit to the phone.
>
> Q . . . :  Did you enter any other dorm other than mine while conducting the search?
>
> A . . . :  I don't recall whether I did or not, nor do I understand the relevance of this question
>
> Q . . . :  Were there any other bottles in the area you searched besides the spice bottles?
>
> A . . . :  I unscrewed the lid from every single spice bottle he owned based upon finding the phone earlier.

(Id. at 2-3.)  "No further questions were asked of this witness," and "Officer M. Ruiz was excused from the hearing."  (Id. at 3.)

The hearing officer considered this testimony by Officer Ruiz together with photographs and Officer M. Ruiz's written report, and found petitioner "'GUILTY' of Possession of a Cellular Phone."  (Id. at 3.)  In light of the "epidemic and out of control" "cell phone problem at CSP Solano," and the "security concerns [possession of a cell phone] presents such as escape or conspiracy to commit all kinds of different offenses," the hearing officer assessed a "30-days Loss of Behavioral/Work Credits."  (Id. at 3-4.)  Petitioner Fuqua exhausted his administrative appeals and filed a habeas petition in the Sacramento County Superior Court challenging his disciplinary conviction.  (See Answer (ECF No. 11) at 2, ¶¶ 4-7.)

The Sacramento County Superior Court transferred the state habeas petition to the Solano County Superior Court which denied relief.  That court concluded that the procedures employed at petitioner Fuqua's prison disciplinary adjudication were adequate and that the hearing officer's disciplinary finding was supported by "some evidence."  In re the Petition of Kevin Fuqua, No. FCR284883, at *2 (Cal. Super. Ct. Solano June 30, 2011) (ECF No. 1, at 44-45).  Petitioner Fuqua then filed habeas petitions with both the California Court of Appeal and the California Supreme Court seeking habeas relief on the same grounds, and both of those petitions were summarily denied.  (ECF No. 1, at 47-50.)

/////

/////

**II. Standards of Review Applicable to Habeas Corpus Claims**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 131 S. Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the state court decision. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Nonetheless, "circuit court precedent may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that

4

court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 412; accord Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S.___, ___, 131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter,131 S. Ct. at 786-87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 131 S. Ct. at 784-85. This presumption may be overcome by a showing "there is reason to think some other explanation for

the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, ___ U.S. ___, ___, 133 S. Ct. 1088, 1091 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 131 S. Ct. at 784.

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

**III. Analysis of Petitioner's Claims**

In his pending application for federal habeas relief petitioner Fuqua argues that his prison disciplinary adjudication was procedurally inadequate and his disciplinary conviction supported by insufficient evidence in violation of his right to due process as guaranteed by the Fourteenth Amendment. Specifically, petitioner contends that in connection with his disciplinary hearing he was unconstitutionally denied the right to call inmate witnesses and the assistance of an investigative employee, the hearing officer was biased, and the disciplinary finding of guilt was not supported by the evidence. For the reasons stated below, the undersigned will recommend that petitioner be denied federal habeas relief.

/////

/////

**A. Adequacy of the Procedures**

Prisoners may not be deprived of their state-created liberty interest in "good-time credit" without due process of law; however, "the full panoply of rights due a defendant" in a criminal prosecution does not apply to disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974). In a prison disciplinary proceeding, procedural due process demands that the inmate "be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. However, due process does not require the appointment of counsel for those charged with prison rules violations. See id. at 570 ("[W]e are not prepared to hold that inmates have a right to either retained or appointed counsel in disciplinary proceedings.").

*1. Failure to Assign an Investigative Employee*

Petitioner argues the Senior Hearing Officer should have granted his request for an investigative employee, and that the hearing officer's failure to do so "abridg[ed] petitioner's ability to prepare a proper defense." (Pet. ECF No. 1, at 19.) But as respondent points out in his answer, there is no federal constitutional or statutory right to counsel in prison disciplinary proceedings, Wolff, 418 U.S. at 570, let alone an investigative employee. See Toussaint v. McCarthy, 801 F.2d 1080, 1101 (9th Cir. 1986), overruled in part on other grounds, Sandin v. Conner, 515 U.S. 472 (1995). Accordingly, this aspect of the pending petition does not provide a cognizable basis for the granting of federal habeas relief.

*2. Deprivation of Right to Present Witnesses*

Petitioner also argues that he was deprived of his due process right to present witnesses at his prison disciplinary hearing because the hearing officer "denied [petitioner's request to present] Inmate witnesses, concluding that his reporting officer was the only voice . . . that needed to be relied upon." (Pet. (ECF No. 1) at 19.)

Respondent counters there is no evidence in the state court record that in connection with the disciplinary hearing petitioner "requested . . . inmate witnesses, exculpatory or otherwise." (Answer ECF No. 11, at 6.) The court agrees. Here, review of the record indicates that there is no

/////

7

evidence before this court that petitioner ever requested the appearance of inmate witnesses at his disciplinary hearing.[3]  Therefore, the state court's decision rejecting this aspect of petitioner's claim for habeas relief cannot be said to be an unreasonable application of clearly established federal law.

### 3. Bias of the Decisionmaker

Petitioner also argues in a conclusory manner that "the Senior Hearing Officer's involvement in the coordination of search procedures, and authorization of these searches places him in a position of pre-disposed bias . . . , and should have re[c]used himself from the Hearing. This . . . conflict of interest," petitioner contends "denied petitioner fundamental fairness in due process." (Pet. ECF No. 1, at 19.)

The Solano County Superior Court considered this argument in a state court habeas proceeding and rejected it, reasoning "[p]etitioner provides no evidence that indicates that the senior hearing officer was biased." (Pet. ECF No. 1, at 3.)  Although due process requires an unbiased decisionmaker at a prison disciplinary hearing, see Wolff, 418 U.S. at 570-71, to obtain habeas relief based on a structural conflict of interest, a petitioner must show the decision-making procedure "presents such a hazard of arbitrary decisionmaking that it should be held violative of due process of law." Id. at 571.  Moreover, the petitioner must provide some facts "to support his allegation that the decisionmaker was not impartial." Bostic v. Carlson, 884 F.2d 1267, 1271 (9th Cir. 1989) (citing Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

In his pending application for federal habeas relief, petitioner provides no evidence — beyond his own conclusory assertions — that the hearing officer in his case was biased. Accordingly, the state court's decision rejecting this claim was not unreasonable application of clearly established federal law, and this aspect of the pending petition does not warrant federal habeas relief.

---

[3] Even if petitioner requested and was denied the opportunity to present the testimony of inmate witnesses at his disciplinary hearing — and, again, there is no evidence in the record this occurred — the hearing officer may have been justified in declining petitioner's request.  "Prison officials must have the necessary discretion . . . to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." Wolff, 418 U.S. at 566.

**B. Application of the "Some Evidence" Standard Here**

Finally, petitioner essentially argues the disciplinary hearing officer's decision to classify possession of a cell phone as a "dangerous contraband infraction" was not based on "some evidence" as required to comport with due process  (Pet. ECF No. 1, at 8.)  Specifically, petitioner contends the decision to consider possession of a cell phone a disciplinary, rather than an administrative, infraction relies on a "ludicrous" and unwarranted assumption that inmates "can utilize a cell phone [to] . . . plan[] an escape . . . , [to] coordinat[e] the introduction of contraband . . . , or to plan[] assaults on staff or inmates," when petitioner has himself "never made any such attempts."  (Id. at 8-9.)  Moreover, petitioner asserts the hearing officer's interpretation in this regard contradicts various California administrative regulations, and that his claim is subject to a preponderance of the evidence standard under these regulations.  (Id. at 9-10.)

Respondent counters that the "findings of the prison hearing officer were supported by the report of the correctional officer who conducted the search and found the cellular phone hidden in Fuqua's personal property." (Answer ECF No. 11, at 4-5.)

"'The 'some evidence' standard is minimally stringent," and a decision will be upheld under that standard if there is any evidence in the record that could support the conclusion reached by the factfinder.  Powell v. Gomez, 33 F.3d 39, 40 (9th Cir. 1994) (citing Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987)).  See also Toussaint v. McCarthy, 801 F.2d 1080, 1105 (9th Cir. 1986).  "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.  This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced.'"  Superintendent v. Hill, 472 U.S. 445, 455 (1985) (quoting United States ex rel. Vajtauer v. Comm'r of Immigration, 273 U.S. 103, 106 (1927)); see also Cato, 824 F.2d at 705 ("[T]here must be some indicia of reliability of the information that forms the basis for prison disciplinary actions.")  Determining whether the "some evidence" standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence.  Superintendent v Hill, 472 U.S. at 455; Toussaint, 801 F.2d at 1105.

9

The question is whether there is any reliable evidence in the record that could support the conclusion reached. Id.

Here, the state court's conclusion, that "the decision of the hearing officer is supported by some evidence," (Pet. ECF No. 1, 44:8-9), was not an unreasonable application of clearly established federal law. As an initial matter, petitioner's argument concerning asserted violations of California administrative regulations are not cognizable in this federal habeas proceeding because "federal habeas corpus relief does not lie for errors of state law," but rather, federal habeas review is limited in this context to determining whether a prison disciplinary adjudication violated federal law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 880 (1990)). At petitioner's prison disciplinary hearing, Correctional Officer Ruiz filed a report and testified that he found a cellphone at the head of petitioner's bed hidden in a spice bottle. Petitioner does not contradict this evidence through either evidence or argument. Based on this evidence, the court concludes that the Solano County Superior Court's determination that the prison disciplinary finding of guilt was supported by "some evidence" was not unreasonable, particularly in light of the "minimally stringent" nature of that standard of proof. Powell, 33 F.3d at 40.

**IV. Conclusion**

Accordingly, for all the reasons set forth above, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue

1  in the event he files an appeal of the judgment in this case.  See Rule 11, <u>Federal Rules Governing</u>
2  <u>Section 2254 Cases in the United States District Courts</u> (the district court must issue or deny a
3  certificate of appealability when it enters a final order adverse to the applicant).
4  Dated:  October 1, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:gp
fuqu.2045.hc